UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBORAH A. SAUNDERS,

       *Plaintiff*,

  v.

MALACHIAH SAUNDERS, *et al.*,

       *Defendants.*

No. 23-cv-2154 (DLF)

**ORDER**

      Deborah A. Saunders, proceeding *pro se*, seeks relief from the Pension Benefit Guaranty Corporation ("PBGC") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Before the Court is PBGC's Motion to Dismiss.  Dkt. 49.  For the reasons that follow, the Court will grant the motion.

      Saunders is the ex-wife of Malachiah Saunders, a former employee of General Motors. Pl.'s Pet. for Declaratory J. & Injunctive Relief at 2, Dkt. 5.  Her complaint is not a model of clarity, but it seems to allege that her ex-husband "never reported or disclosed" their marriage "to the GM . . . [b]enefits office."  *Id*.  "Nevertheless," Saunders says she is entitled to pension benefits either under her ex-husband's pension plan or pursuant to a qualified domestic relations order ("QDRO") within the meaning of ERISA.  *Id.*

      Saunders sued her ex-husband and PBGC in the U.S. District Court for the Northern District of Georgia.  *Id.* at 1.  The Georgia court dismissed Saunders' ex-husband from the case for want of personal jurisdiction, Dkt. 40, and then transferred her remaining claims against PBGC to this district, Dkt. 50.  PBGC moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Dkt. 49.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible when the complaint contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sanchez v. Office of State Superintendent of Educ.*, 45 F.4th 388, 395 (D.C. Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court construes *pro se* complaints "liberally," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but even a *pro se* complaint must "plead factual matter that permits [a] court to infer more than the mere possibility of misconduct," *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (cleaned up).

Under ERISA, "any . . . beneficiary" of a PBGC-administered pension plan may "bring an action against [PBGC] for appropriate equitable relief." 29 U.S.C. § 1303(f)(1). Section 1303(f)(1) creates "the exclusive means for bringing actions" against PBGC in its capacity as plan administrator. *Id.* § 1303(f)(4). PBGC concedes that it administers Malachiah Saunders' pension plan, PBGC's Mem. of Points & Authorities in Support of Def.'s Renewed Mot. to Dismiss at 2, Dkt. 49-1, meaning the Court must only decide whether Saunders' complaint plausibly states a claim "for appropriate equitable relief" under 29 U.S.C. § 1303(f)(1).

It does not. Insofar as Saunders contends that PBGC must award her benefits under the terms of her ex-husband's pension plan, her complaint does not "plead[] factual content" that makes the contention "plausible." *Iqbal*, 556 U.S. at 678. Indeed, her filings do not quote, cite, or summarize the terms of the General Motors plan. They allege that Saunders has "rights" as an "alternate payee" and is "qualified" as a "former-spouse" under that plan, Pl.'s Pet. at 2–3, Dkt. 5, but those assertions amount to legal conclusions that the Court may properly disregard, *see Twombly*, 550 U.S. at 555.

Nor does Saunders plausibly allege that PBGC must award her benefits pursuant to a QDRO. Although ERISA says that "benefits provided under [a] plan may not be assigned or alienated," 29 U.S.C. § 1056(d)(1), it creates an exception for assignments made pursuant to "a qualified domestic relations order," *id.* § 1056(d)(3)(A). A QDRO is a judicial "judgment, decree, or order" that (1) "concerns 'the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a [plan] participant'"; (2) "is 'made pursuant to a State domestic relations law'"; and (3) "creates or recognizes an alternate payee's right to, or assigns to an alternate payee the right to, a portion" of a plan participant's retirement benefits. *Boggs v. Boggs*, 520 U.S. 833, 846 (1997) (quoting 29 U.S.C. § 1056(d)(3)(B)(i)–(ii)). Nothing in Saunders' complaint, however, even hints that a court has entered a judgment, decree, or order in her favor. If anything, an attachment to the complaint—an *unsigned* order purporting to be a QDRO—affirmatively suggests that no court has entered such an order. *See* Pl.'s Pet. at 10–12, Dkt. 5; *cf.* Dkt. 53-3 at 1 (describing Saunders' order as a "draft" QDRO rather than "an original signed domestic relations order"). All told, Saunders' complaint does not "contain sufficient factual matter, accepted as true," to make it plausible that a QDRO entitles her to anything. *Iqbal*, 556 U.S. at 678.

Saunders replies that "[a] federal court . . . should have signed [her]" blank QDRO. Pl.'s Opp. to Def.'s Mot. for Summ. J. at 9, Dkt. 53. Not so. To acquire a right to her ex-husband's pension benefits through a QDRO, Saunders must sue her ex-husband and obtain relief against him "pursuant to [an applicable] State or Tribal domestic relations law." 29 U.S.C. § 1056(d)(3)(B)(ii)(II). She cannot obtain a QDRO by suing PBGC in federal court. Indeed, it is not obvious that federal courts have *jurisdiction* to issue QDROs. *Ankenbrandt v. Richards*, 504 U.S. 689, 701–04 (1992); *cf. VanderKam v. VanderKam*, 776 F.3d 883, 885 (D.C. Cir. 2015)

(describing QDROs as "state-court orders").  Nor does it help Saunders that federal law governs whether a state-court judgment qualifies as a QDRO.  29 U.S.C. § 1056(d)(3)(B)–(C).  Although federal law settles which domestic relations orders are "qualifying" under ERISA, it does not require federal courts to enter domestic relations orders on their own.  And at any rate, Saunders' complaint does not allege that *any* court, federal or state, has entered *any* judgment in her favor, QDRO or otherwise.

Finally, the Court notes that Saunders has filed two pleadings that the Court might construe as her operative complaint: a Complaint for Judgment as a Matter of Law and Injunctive Relief, Dkt. 4, and an Amended Petition for Declaratory Judgment and Injunctive Relief Under A Qualified Domestic Relations Order, Dkt. 5.  Like the U.S. District Court for the Northern District of Georgia, Dkt. 11 at 1, the Court has treated Saunders' Amended Petition as an amended complaint under Federal Rule of Civil Procedure 15 and thus as the operative complaint in this action.  The Court's analysis would not change, however, if it treated the plaintiff's Complaint for Judgment as a Matter of Law as her operative complaint instead.

For these reasons, the Court will dismiss Saunders' complaint without prejudice.  It will, however, grant Saunders leave to file a second amended complaint within 30 days.

Accordingly, it is hereby

**ORDERED** that the defendant's motion to dismiss, Dkt. 49, is **GRANTED.**  It is further

**ORDERED** that the plaintiff's complaint, Dkt. 5, is **DISMISSED** without prejudice.

In thirty (30) days, the Court will dismiss this action and direct the Clerk of Court to close this case.

                                                                                                     */s/ Dabney L. Friedrich*
                                                                                                     DABNEY L. FRIEDRICH

January 31, 2024                                                                               United States District Judge